[Civ. No. 7482. Second Appellate District, Division One.—September 27, 1932.]

SARA F. HERSH et al., Plaintiffs and Respondents, v. AURELIO GARAU et al., Defendants and Respondents; ELLIS I. HIRSCHFELD, Intervener and Appellant.

M. Seaton Cohen, Ellis I. Hirschfeld and Samuel W. Blum for Appellant.

Meserve, Mumper, Hughes & Robertson for Plaintiffs and Respondents.

Haas & Dunnigan, Walter F. Haas and W. E. McClintock for Defendants and Respondents.

YORK, J.—This is an appeal by intervener Hirschfeld from that portion of the judgment in the above-entitled matter in favor of plaintiff and against said intervener and the whole thereof, and from the order of court denying a new trial to said intervener.

In our opinion filed this day in Civil No. 7490, *Hersh* v. *Garau*,* [14 Pac. (2d) 434] which is on the appeal of the defendants Garau from the judgment, we have rendered an opinion which covers the principal issues in the case. In addition to the points discussed in said opinion, appellant Hirschfeld attempts to raise several points which he does not distinctly set out, referring in one part of his brief to certain findings of the trial court which he objects to, without stating exactly what his grounds of objection are, or without setting forth the findings themselves, or their substance, as required by rule VIII of the rules of practice of this court. It is sufficient to say that each of the findings objected to is supported by the evidence.

The principal objection of the intervener Hirschfeld seems to be that the court refused him permission to file an amended complaint. Three years elapsed before intervener filed his complaint in intervention. However, no *amended* complaint in intervention was ever prepared by the intervener. Some time after the trial of the case was commenced, three statements were made to the court in which he or his attorney asked leave of the court to amend, by adding to the complaint in intervention the statement that another assignment had been made, other than the one pleaded, with the further statement that it had been lost, the contents of which, it was stated, they intended to prove by oral testimony. He also stated in general terms that the document would comply with all of the objections which had been made by his opponents. The court denied his application on the ground that the offer came too late. Intervener counters this with the statement that he did not know before that there would be objection made to the particular form of assignment that he set up in his complaint, and therefore he could not have known what was necessary, at least, until after the court had held that the document so set up in the complaint was a quitclaim deed and did not constitute an assignment of any portion of the option held by the plaintiff Hersh. This motion was directed to the sound discretion of the court, and we can see no abuse of

such discretion by the court in denying leave to amend at that time. Such motion came too late.

We find no errors in the rulings of the court that were objected to by the intervener.

The attempted appeal from the order denying the motion for a new trial is dismissed, as there is no provision of law for such an appeal.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.